**Steve HINDMAN, Petitioner–Appellant,**

v.

**Robert LAMPERT, Respondent–Appellee.**

No. 07–35649.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed May 20, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

Noel Grefenson, Esq., Attorney at Law, Salem, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: TALLMAN and CLIFTON, Circuit Judges, and KORMAN **, District Judge.

## MEMORANDUM ***

Petitioner Stephen Hindman appeals from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

Hindman contends that he was denied the effective assistance of counsel because his attorney, Wade Bettis, was impaired by an actual conflict of interest. Specifically,

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hindman contends that Bettis served the interests of Hindman's parents, rather than of Hindman, when, after learning that the prosecutor had threatened to prosecute them for perjury if they testified contrary to their previous statements to the police, he advised them that they could invoke their Fifth Amendment privilege against self-incrimination.

The Oregon post-conviction court ruled that this conduct was not an actual conflict of interest and that Hindman did not receive ineffective assistance of counsel. We may upset this determination only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It was not.

Under the Sixth Amendment, a criminal defendant has the right to effective assistance of counsel, including representation free from conflicts of interest. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In order to establish a violation of the Sixth Amendment [based on a conflict of interest] a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). When this standard is met, prejudice is presumed because the "assistance of counsel has been denied entirely or during a critical stage of the proceeding." *Mickens v. Taylor*, 535 U.S. 162, 166, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). "Under this standard, an actual conflict is a conflict that affected counsel's performance—as opposed to a mere theoretical division of loyalties." *United States v. Wells*, 394 F.3d 725, 733 (9th Cir.2005) (citations and internal quotation marks omitted).

The district court found that neither Bettis nor the parents thought that they had an attorney-client relationship, and there is no serious claim by Hindman either that the finding was clearly erroneous or that Bettis had any other reason to favor the parents over Hindman. Hindman's argument rests entirely on the premise that Bettis's actions, which resulted in the failure of his parents to provide alibi testimony in support of his story at trial, were detrimental to Hindman's interests.

We need not address the propriety of the advice Bettis gave to Hindman's parents, which may not have been accurate, *see United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir.1998), to resolve this case. Specifically, after Hindman's parents invoked their privilege against self-incrimination, the trial judge offered to compel their testimony. ER at 234. Because the testimony of Hindman's parents could have been compelled, notwithstanding their claim of privilege, the issue boils down to whether the decision of Bettis's counsel not to compel their testimony was reasonable.

We conclude that Bettis's decision not to take advantage of this option was reasonable and not contrary to Hindman's interests. If the parents testified consistently with the statements they had originally told the police, their testimony would not have helped Hindman's alibi defense. If, as Hindman presumably hoped, the parents testified inconsistently with their earlier statements, they would have been impeached and would not have been persuasive. A judgment by Bettis that calling Hindman's parents to provide alibi testimony would not actually help Hindman was a reasonable professional judgment and did not demonstrate the existence of any actual conflict of interest.

Moreover, the evidence against Hindman, which included eye-witness testimony and his DNA at the scene of the crime, was overwhelming. Indeed, Hindman's

current argument tacitly acknowledges the strength of the evidence, by straining mightily to find a theory which does not require him to demonstrate prejudice. There was not a reasonable probability that the testimony of Hindman's parents would have affected the outcome of the trial.

Accordingly, for the foregoing reasons, the petition was properly denied.

**AFFIRMED.**

** The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-